**DEKALB COUNTY SUPERIOR COURT**
**STATE OF INDIANA**

| | |
|---|---|
| CJ AUTOMOTIVE INDIANA, LLC, an Indiana limited liability company, f/k/a Autoline Industries Indiana, LLC, an Indiana limited liability company. | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BUTLER PROPCO LLC, a Delaware limited liability company, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

Plaintiff CJ Automotive Indiana, LLC for its Complaint against Defendant Butler Propco LLC, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff CJ Automotive Indiana, LLC f/k/a Autoline Industries Indiana, LLC ("Plaintiff") is an Indiana limited liability company with a principal place of business located at 100 Commerce, Butler, Indiana 46721.

2.     Upon information and belief, Defendant Butler Propco, LLC ("Defendant") is a Delaware corporation.

3.     The Court has personal jurisdiction over the parties and subject matter jurisdiction over this case.

4.     Venue is proper in this Court.

Page 1 of 6

## GENERAL ALLEGATIONS

5.      Plaintiff is the fee simple owner of real property located at 100 Commerce, Butler, Indiana, 46721; W Main St, Butler, Indiana 46721; and W Oak St, Butler, Indiana 46721 (collectively, the "Property").

6.      On June 25, 2021, the parties signed a Contract of Purchase and Sale for the Property (the "Purchase Agreement").[1] However, after the Purchase Agreement was signed, the parties were still negotiating numerous material terms including, but not limited to, purchase price, title commitment, survey, and inspection issues. In the absence of the meeting of the minds on these material terms, there was no valid and enforceable contract and no obligation to sell the Property to Defendant.

7.      Moreover, under the Purchase Agreement, Defendant was permitted a 30-day "Inspection Period", which was extended to August 6, 2021. The Purchase Agreement required the Purchaser (Defendant) to timely deliver notice to the Seller (Plaintiff). "If Purchaser does not timely deliver to Seller written notice of termination during the Inspection Period, the conditions of this Section 5.2 shall not be deemed satisfied, and Purchaser shall be deemed to terminate this contract pursuant to this Section 5.2."

8.      Defendant did not deliver the notice required, which resulted in the automatic termination of the Purchase Agreement as of August 6, 2021.

9.      Defendant also failed to pay additional earnest money deposits constituting a breach of the Purchase Agreement.

10.      Ultimately, the Purchase Agreement was terminated, which resulted in the termination of any interest Defendant may have had in the Property.

---

[1]Defendant is in possession of a copy of the Purchase Agreement.

11. However, after the Purchase Agreement was terminated, Defendant filed and recorded a claim of interest on the Property indicating that "CJ has defaulted under the terms of the Purchase Agreement and Purchaser asserts an interest in the Property" (the "Claim of Interest"). (**Exhibit A**, Claim of Interest).

12. The Claim of Interest was executed on August 18, 2021 and recorded on August 20, 2021.

13. On August 30, 2021, Defendant filed a complaint for "Specific Performance and Other Legal and Equitable Relief" in the United States District Court for the Eastern District of Michigan claiming (1) request for declaratory relief, (2) specific performance of the contract of purchase and sale, and (3) breach of contract (the "Litigation").

14. On September 13, 2022, the Court signed a stipulated order voluntarily dismissing the Litigation without prejudice. (**Exhibit B**).

15. As of the filing of this Complaint, there is no pending lawsuit regarding the Purchase Agreement and/or Property.

16. After termination of the Purchase Agreement and dismissal of the Litigation, Plaintiff began looking to sell the Property as part of its winding down process.

17. On or around November 11, 2022, a title search was performed which revealed the Claim of Interest dated August 18, 2021, and recorded August 20, 2021 (the "Title Search").

18. Plaintiff demanded the Claim of Interest be removed, as it was preventing Plaintiff from attracting potential buyers and closing on any prospective sale/purchase agreement, and continuing to wind down its operations, but Defendant refused.

19. The Claim of Interest contains misrepresentations. For example, Defendant claims that "CJ has defaulted under the terms of the Purchase Agreement and Purchaser asserts an interest

in the Property." (**Exhibit A**). However, no Court has ever found that Plaintiff defaulted under the terms of the Purchase Agreement, nor that Purchaser in fact has any interest in the Property. As described above, the Purchase Agreement was terminated and Defendant has no interest in the Property.

20.    Defendant provided no justification for maintaining the Claim of Interest. However, Defendant's strategy is apparent. Defendant hopes to tie up the Property indefinitely to obtain some consideration from Plaintiff in exchange for discharging the Claim of Interest.

21.    Defendant's Claim of Interest effectively bars Plaintiff from attracting potential buyers and closing on any prospective sale/purchase agreement and continuing to wind down its operations.

22.    As of the filing of this lawsuit, Defendant has a signed purchase agreement for the sale of the Property. Absent a discharge of the Claim of Interest, Plaintiff will suffer significant damages, including the loss of its buyer.

23.    Plaintiff is in danger of losing its buyer because of Defendant's actions and refusal to discharge the Claim of Interest.

## COUNT I
## SLANDER OF TITLE

24.    Plaintiff incorporates the foregoing allegations as though fully restated herein.

25.    Defendant's Claim of Interest filed against the Property has no basis in fact or law, as the Purchase Agreement was terminated and the Litigation was dismissed.

26.    At all times pertinent hereto, that Defendant had no legal right in the Property.

27.    Defendant filed the Claim of Interest for the sole purpose of slandering the title of the Property in violation of Indiana law.

28.     As a result of Defendant's actions, Plaintiff has suffered economic damages, including attorney fees incurred in bringing this suit, and will suffer significant consequential damages from the potential loss of its buyer.

## COUNT II
## QUIET TITLE

29.     Plaintiff incorporates the foregoing allegations as though fully restated herein.

30.     Pursuant to Ind. Code § 32-30-2-20, Plaintiff seeks equitable relief to quiet title against Defendant.

31.     Plaintiff is the sole, fee simple owner of the Property. Plaintiff is also currently in possession of the Property.

32.     Plaintiff remains the fee simple owner as of the filing of this Complaint.

33.     The Purchase Agreement was terminated and Defendant has no interest in the Property.

34.     The Claim of Interest filed by Defendant is invalid.

35.     Defendant had no right to encumber the Property in any way.

36.     Plaintiff is now unable to market the Property, as the Claim of Interest clouded Plaintiff's title to the Property.

37.     Defendant's rights to the Property, including the Claim of Interest, should be extinguished pursuant to Ind. Code § 32-30-2-20.

## COUNT III
## DECLARATORY RELIEF

38.     Plaintiff incorporates the foregoing allegations as though fully restated herein.

39.     An actual controversy exists between Plaintiff and Defendant regarding the validity of the Claim of Interest.

40.     Plaintiff maintains that it is the fee simple owner of the Property.

41.     Pursuant Ind. Code § 34-14-1 *et seq.*, this Court should enter a declaratory judgment that declares (1) the Claim of Interest is invalid and improper, and (2) Plaintiff is the sole, fee simple owner of the Property.

Wherefore, Plaintiff requests that the Court enter a judgment in its favor for all of its damages, its reasonable attorneys' fees, the costs of this action, terminates the Claim of Interest and any rights Defendant may claim thereunder, grants Plaintiff legal title to the Property free and clear of any and all claims from Defendant, and all other just and proper relief.

Respectfully submitted,

BONAHOOM & BOBILYA, LLC

By: /s/ *Conor S. Slocum*

Conor S. Slocum, #30132-02
927 South Harrison Street, Suite 200
Fort Wayne, Indiana 46802
Ph: (260) 420-4055
conor@b-blegal.com

*Attorneys for Plaintiff*



DocId:8097467
Tx:4071387

**202106110**
**08/20/2021 09:06:28 AM**
**RECORDER OF DEKALB CO, IN**
**LETA HULLINGER**
RECORDED AS PRESENTED
**FEE AMOUNT: 25.00**

## CLAIM OF INTEREST

CJ AUTOMOTIVE INDIANA, LLC, an Indiana limited liability company f/k/a Autoline Industries Indiana, LLC, an Indiana limited liability company ("CJ") entered into a certain Contract of Purchase and Sale (as amended, the "Purchase Agreement") with an Effective Date of June 25, 2021 with Butler Propco LLC ("Purchaser") pursuant to which CJ agreed to sell and Purchaser agreed to purchase certain real property commonly known as 100 Commerce Street, Butler, Indiana more particularly described on Exhibit A attached hereto (the "Property").

CJ has defaulted under the terms of the Purchase Agreement and Purchaser asserts an interest in the Property.

IN WITNESS WHEREOF, Purchaser has executed this Notice this ⎽18⎽ day of August⎽⎽⎽⎽⎽⎽, 2021.

Butler Propco LLC, a Delaware limited liability company

By: ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Jonathan Pine,
Its: Authorized Agent



**EXHIBIT**
**A**

STATE OF N4 )
) SS:
COUNTY OF Nassau )

Before me, a Notary Public, in and for said County and State, personally appeared Jonathan Fine the Authorized Agent of Butler Propco LLC, a Delaware limited liability company and acknowledged the execution of the above Notice of Interest as his free and voluntary act on behalf of said company.

WITNESS my hand and Notarial Seal, this 18 day of August , 2021.

My Commission Expires: July 10, 2025

ASHELEY DENIS
NOTARY PUBLIC, State of New York
No. 01DE6361378
Qualified in Nassau County
Commission Expires July 10. 2025

Notary Public

I affirm, under the penalties for perjury, that I have taken reasonable care to redact each Social Security number in this document, unless required by law.

Howard Goldman, Esq.

*This instrument prepared by and return to:* Howard Goldman, PLUNKETT COONEY, P.C., 38505 Woodward Avenue, Bloomfield Hills, Michigan 48304 (248) 433-2310.

## EXHIBIT A
## LEGAL DESCRIPTION

Land situated in the City of Butler in the County of DeKalb in the State of Indiana:

Parcel 1:
A part of the Northwest Quarter of Section Eleven (11), Township 34 North, Range 14 East, in said County and State, bounded by a line commencing at a point 437 feet West of the Northeast corner of the East half of the Northwest Quarter of Section 11, as aforesaid, and running from thence South 1,055 feet to the North boundary line of the right of way of the Lake Shore and Michigan Southern Railway Company (now the New York Central Railroad Company); thence in a Westerly direction, along the North boundary line of said tract, 459.06 feet; thence North on a line parallel with the East boundary line of said tract, 1037.02 feet to the North boundary line of said Northwest Quarter as aforesaid; thence East along the North boundary line of said Northwest Quarter 459.06 feet to the place of beginning.

Parcel 2:

Lot Numbered Nine (9) in G. T. John's Addition to the Town, now City of Butler, DeKalb County, Indiana.

Parcel 3:

Commencing at a point on the North line of Section Eleven (11), Township 34 North, Range 14 East, and on the center line of U.S. Highway #6, this point being 1,413 feet East of the Northwest corner of said Section 11. Thence South 00 degrees 30 minutes West 1,023.9 feet. Thence South 87 degrees 30 minutes East 331.8 feet, thence North 1037.02 feet to a point on the North line of said Section 11, and the center line of U.S. #6. Thence West 308 feet to the place of beginning.

Tax Id Number(s):     17-07-11-126-003.000-027
                      17-07-11-126-002.000-027
                      17-07-11-127-009.000-027

Commonly known as: 100 Commerce Street, Butler, IN 46721
                   West Main Street, Butler, IN 46721
                   West Oaks Street, Butler, IN 46721

Open.28568.12720.27008173-1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUTLER PROPCO, LLC,
a Delaware limited liability company,

        Plaintiff,

v.

CJ AUTOMOTIVE INDIANA, LLC,
an Indiana limited liability company,

        Defendant.

Case No. 2:21-cv-12013

Hon. Mark A. Goldsmith

---

**STIPULATED ORDER VOLUNTARILY DISMISSING
COMPLAINT WITHOUT PREJUDICE**

Plaintiff Butler Propco, LLC ("Plaintiff") and Defendant CJ Automotive Indiana, LLC, by their attorneys as evidenced by the signatures of their counsel below, having agreed to voluntarily dismiss this matter under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without prejudice, and the Court being duly advised:

NOW THEREFORE, it is hereby ordered that Plaintiff, Butler Propco, LLC's complaint is voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

SO ORDERED.

Dated: September 13, 2022
    Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge


EXHIBIT B

Case 2:21-cv-12013-MAG-EAS   ECF No. 23, PageID.395   Filed 09/13/22   Page 2 of 2

Stipulated by:

/s/ Matthew J. Boettcher
PLUNKETT COONEY
Matthew J. Boettcher (P40929)
Attorneys for Plaintiff
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 901-4035
mboettcher@plunkettcooney.com

/s/ Brian M. Akkashian(with consent)
PAESANO AKKASHIAN APKARIAN,
P.C.
Brian M. Akkashian (P55544)
Anthony R. Paesano (P60173)
Alec M. Torigian (P81909)
Attorneys for Defendant
7457 Franklin Road, Ste. 200
Bloomfield Hills, MI 48301
(248) 792-6886
bakkashian@paalawfirm.com

Open.28568.12720.29585991-1

2